IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
~Northern Division~

| | |
|---|---|
| LEON JEROME THOMAS,<br>    2474 Francis Street<br>    Baltimore, Maryland 21217,<br><br>    Plaintiff,<br><br>v.<br><br>EARLY WARNING SERVICES, LLC<br>    8777 E. Hartford Drive, Suite 110<br>    Scottsdale, Arizona 85255,<br><br>    SERVE:<br>    Maryland State Department of<br>    Assessments & Taxation<br>    301 W. Preston Street<br>    Baltimore, Maryland 21201-2395,<br><br>and<br><br>BANK OF AMERICA<br>    100 North Tryon Street<br>    Charlotte, North Carolina 28202,<br><br>    SERVE:<br>    The Corporate Resolution Trust, Inc.<br>    351 West Camden Street<br>    Baltimore, Maryland 21201,<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**
(**FEDERAL QUESTION JURISDICTION; FAIR CREDIT REPORTING ACT,
15 U.S.C. § 1681** *ET SEQ.***; COMPENSATORY AND PUNITIVE DAMAGES**)

**JURY TRIAL DEMANDED**

Plaintiff, Leon Jerome Thomas, by his undersigned lawyers, brings this action

against defendants Early Warning Services, LLC and Bank of America alleging claims under the

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, seeking both compensatory and punitive damages.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 in that plaintiff brings his claims pursuant to 15 U.S.C. § 1681, the Fair Credit Reporting Act.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1) and (2).

## PARTIES

3. Plaintiff, Leon Jerome Thomas, is an adult citizen of the State of Maryland residing at 2474 Franklin Street, Baltimore, Maryland 21217.

4. Defendant Early Warning Services, LLC is a limited liability corporation organized and operating under the laws of the State of Arizona with its principal place of business in Scottsdale, Arizona.

5. Defendant Bank of America is a corporation organized and operating under the laws of the State of Delaware with its principal place of business in Charlotte, North Carolina.

6. Defendant Bank of America owns Early Warning Services, LLC. *See* http://www.earlywarning.com/about.asp.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

7. At no time relevant to the allegations of this Complaint did plaintiff Thomas open, authorize, utilize, accept, or maintain any account of any type with defendant Bank of America.

8. At certain times relevant to the allegations of this Complaint, plaintiff Thomas did maintain a checking account with Wachovia Bank. Wachovia closed that account based upon inaccurate information furnished by Bank of America and Early Warning Systems, LLC, as alleged with specificity below.

9. In or about 2007, certain persons illegally obtained certain identifying information about plaintiff Thomas and used that information to open a fraudulent checking account in the name of plaintiff Thomas at Bank of America.

10. Those persons used the fraudulent checking account in the name of plaintiff Thomas to operate and facilitate a fraudulent check cashing scheme.

11. At no time did plaintiff Thomas authorize or consent to the opening of this fraudulent account with the Bank of America.

12. Plaintiff Thomas had no role in the opening of the fraudulent bank account at the Bank of America and played no role, did not benefit from, and was not aware of the fraudulent check cashing scheme that utilized that fraudulent bank account.

13. On or about December 1, 2007, the Anne Arundel County Police Department arrested certain persons and charged them with opening and operating the fraudulent checking account established in the name of plaintiff Thomas with Bank of America. A photocopy of the Anne Arundel County Police Criminal Investigation Division Investigative

Report dated December 14, 2007 is attached to this Complaint as Exhibit 1 and incorporated herein by reference.

14. On or about December 1, 2007, the Anne Arundel County Police Department recovered hundreds of personal checks, thousands of dollars in United States currency, and a rental vehicle all related to what the department labeled as a "check cashing scheme" that involved the fraudulent checking account established in the name of plaintiff Thomas with Bank of America as alleged above.

15. On or about December 1, 2007, the persons subsequently arrested by the Anne Arundel County Police Department drew, uttered, and negotiated checks on the account fraudulently opened in the name of plaintiff Thomas at Bank of America, as follows: check #102 in the amount of $4,300 cashed at the Bank of America branch located at 1090 Vermont Avenue, N.W. Washington, D.C. 20005; check #103 in the amount of $4,700 cashed at the Bank of America branch located at 3 DuPont Circle N.W. Washington, D.C. 20003; check #104 in the amount of $4,500 cashed at the Bank of America branch located at 915 Rhode Island Avenue, N.W. Washington, D.C. 20018; and check #105 in the amount of $4,600 cashed at the Bank of America branch located at 344 Montrose Avenue, Laurel, Maryland 20707.  Check #106 in the amount of $4,500 was presented to the teller at the Bank of America branch located at 7045 Arundel Mills Boulevard, Hanover, Maryland 21076, but the teller did not cash the check because of an internal alert not to cash any additional checks presented for payment against and or drawn on the fraudulent account in the name of plaintiff Thomas.

16. The investigation of the Anne Arundel County Police Department revealed that a person other than plaintiff Thomas had signed the name of plaintiff Thomas to the checks to drawn, uttered, and negotiated or offered for negotiation, as alleged above.

17.     The investigation of the Anne Arundel County Police Department revealed that a person other than plaintiff Thomas had stolen identifying information regarding plaintiff Thomas and used that information fraudulently to open the Bank of America account in the name of plaintiff Thomas.

18.     The investigation of the Anne Arundel County Police Department revealed that the social security number and the address used to open the fraudulent Bank of America account in the name of plaintiff Thomas were not the social security number and not the address of plaintiff Thomas.

19.     At no time did the Anne Arundel County Police Department charge plaintiff Thomas with any participation in the fraudulent check cashing scheme alleged above.

20.     To the contrary, the Anne Arundel County Police Department at all times viewed plaintiff Thomas as the victim of this scheme.

21.     Notwithstanding the fact that plaintiff Thomas had no involvement whatsoever with the fraudulent check cashing scheme that utilized the fraudulent account opened in his name, defendant Bank of America reported to defendant Early Warning Services certain inaccurate, incorrect, and adverse information concerning the checking account unlawfully opened in the name of plaintiff Thomas to the effect that plaintiff Thomas had been involved in the fraudulent activities relating to that account, including but not limited to that plaintiff Thomas was responsible for an overdraft balance on that account, which overdraft balance had in fact been caused by the fraudulent check cashing scheme as alleged herein.

22.     Defendant Early Warning Services, LLC subsequently reported this inaccurate, incorrect, and adverse information about plaintiff Thomas's involvement in the fraudulent check cashing scheme to various credit reporting agencies and other third parties.

23. On or about February 7, 2008, NCO Financial Systems, Inc. sent a letter to plaintiff Thomas stating, in part, "The named creditor has placed this account with our office for collection. It is important that you forward payment in full." The letter identifies the creditor as Bank of America and the debt as a personal overdraft in the amount of $103.68. A photocopy of this letter is attached to this Complaint as Exhibit 2 and incorporated herein by reference.

24. On or about February 15, 2008, Wachovia sent a letter to plaintiff Thomas, stating in part:

> **We have closed the above account, effective <u>immediately</u>. Please do NOT attempt to write any checks on this account – they will be returned unpaid, and you may be responsible for returned check charges imposed by the payee.**
>
> *We are taking this action because of the reported way in which you have managed similar accounts in the past.*
>
> The consumer reporting agency named below provided us with information that influenced our decision to close your account. However, the agency did not make that decision and cannot give you specific reasons for it.
>
> …You also have the right to dispute the accuracy or completeness of any information provided by them. Any questions regarding such information should be directed to:
>
> Early Warning Services, LLC
> 6045 W. Chandler Blvd. #13 PMB 168
> Chandler, AZ 85226
> (800) 325-7775

A photocopy of this letter is attached to this Complaint as Exhibit 3 and incorporated herein by reference. (Boldface type in original; italicized emphasis added.)

25. In response to the Wachovia letter, plaintiff Thomas contacted Early Warning Services, LLC to request disclosure of all information referred to in the Wachovia letter.

26. On or about February 19, 2008, Early Warning Services responded to plaintiff's request by letter stating:

> Our office has received your request for file disclosure. We regret the inconvenience that you have encountered in attempting to establish an account relationship with Wachovia. We will try to clear up this matter as soon as possible. To do so, we need your cooperation.
>
> Please help us by providing information about yourself on the attached form.
>
> **Please sign the form and return on to us along with a photocopy of the letter you received from Wachovia. You must complete the form in its entirety or we may need to resend it to you.**

A photocopy of this letter is attached to this Complaint as Exhibit 4 and incorporated herein by reference. (Boldface type in original.)

27. On or about February 21, 2008, plaintiff Thomas provided notice of his dispute to Early Warning Services, LLC by faxing the following: facsimile cover sheet; completed and signed Consumer Questionnaire & Release Form dated February 19, 2008; and a handwritten letter to Early Warning Services, LLC dated February 20, 2008 specifically disputing the adverse information about him reported by Bank of America to Warning Services. A photocopy of this letter and the attachments thereto is attached to this Complaint as Exhibit 5 and incorporated herein by reference.

28. Plaintiff Thomas's February 21, 2008, facsimile cover sheet to Early Warning Services specifically stated:

> Please forward info to Bank of America. I'm in the process now of getting the police report. I placed fraud alerts on my credit files and I will be obtaining a identity theft report today.

29. On or about March 5, 2008, Early Warning Services sent a letter to plaintiff Thomas acknowledging receipt of his dispute and stating:

> We received your request for dispute regarding the information contained in your consumer report. We have completed a reinvestigation of your file. The results of our investigation confirm that some of the information you provided to Wachovia was reported to us by another financial institution(s) as inappropriately used, and that the information reported to us resulted in a financial loss to, or other potential loss with respect to, the reporting financial institution(s).
>
> If you feel this reinvestigation does not resolve the dispute, you may add a brief statement to your file disputing the accuracy or completeness of the information. You may request a description of the procedure used to determine the result of the information in your file, including the business name, address, and phone number of any furnisher of information contacted in connection with such information.

A photocopy of this letter is attached to this Complaint as Exhibit 6 and incorporated herein by reference.

30. On or about March 5, 2008, Bank of America, sent a letter to plaintiff Thomas, stating:

> Your dispute letter to Early Warning Services, LLC, concerning the closure of the above referenced account has been referred to me for reply.
>
> We have performed a detailed review of the accounts and found that the reason for closure is accurate. Therefore, the decision to end the account relationships and the reporting to ChexSystems, Inc. and Early Warning Services, LLC, is accurate and will remain in effect.

A photocopy of this letter is attached to this Complaint as Exhibit 7 and incorporated herein by reference.

31. The acts and omissions of defendant Bank of America and defendant Early Warning Services, LLC, jointly and severally, as alleged above have caused and continue to cause plaintiff Thomas to suffer damages because his credit reports and files contain inaccurate, incorrect, and adverse information identifying him as a participant in the fraudulent check cashing scheme alleged above, despite the fact that he was the victim, not the perpetrator or beneficiary, of that scheme.

32. For example, on or about March 7, 2008, SECU Credit Union responded to plaintiff Thomas's attempt to open an account at by sending plaintiff Thomas a "NOTICE OF ACTION BASED ON INFORMATION CONTAINED IN A CONSUMER REPORT," stating, in part:

> We regret we cannot open your account today due to information received from ChexSystems, Inc., a consumer reporting agency. ChexSystem did not make the decision to disapprove your account application and is unable to provide you with specific reasons why the decision was made.

A photocopy of this letter is attached to this Complaint as Exhibit 8 and incorporated herein by reference.

33. On or about March 7, 2008, plaintiff Thomas attempted to obtain a loan to finance the purchase a vehicle at Jerry's Toyota in Bel Air, Maryland but was denied.

34. Plaintiff Thomas suffered adverse effects to his employment including loss of employment and an inability to obtain new employment based upon the adverse effects of the acts and omissions of defendants, as alleged herein.

**CLAIM ONE**
**(DEFENDANT BANK OF AMERICA;**
**FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*.;**
**COMPENSATORY AND PUNITIVE DAMAGES)**

35. Plaintiff, Leon Thomas, realleges the averments of the preceding paragraphs of this Complaint and incorporates them herein by reference.

36. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies and special agencies (such as agencies that sell information about check writing histories, medical records, and rental history records).

37. Plaintiff Thomas meets the definition of a "consumer" under the FCRA. 15 U.S.C. § 1681a.

38. Defendant Bank of America meets the definition of a "furnisher of credit information" under the FCRA.  15 U.S.C. § 1681s-2.

39. Defendant Bank of America, as a furnisher of credit information to credit reporting agencies, owed a duty to plaintiff Thomas to report accurate information to consumer reporting agencies, to maintain and follow reasonable procedures to report and investigate disputes of information reported, to investigate disputed information, and to correct inaccurate information.

40. The FCRA requires that, upon notice of a dispute, Bank of America, as the furnisher of credit information to credit reporting agencies, must:

> (A) Conduct an investigation with respect to the disputed information;
>
> (B)  Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) Report the results of the investigation to the consumer reporting agency;
>
> (D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-
>
>> (i) Modify that item of information;
>>
>> (ii) Delete that item of information; or
>>
>> (iii) Permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).

41.	Early Warning Services notified Bank of America of plaintiff Thomas's dispute and claim of inaccurate reporting of delinquency regarding plaintiff's purported checking account with Bank of America.

42.	Bank of America's March 5, 2008 letter to plaintiff Thomas merely acknowledged notice of the dispute and rejected plaintiff's claims without any explanation of its investigation, information reviewed, and basis of its decision.  *See* Ex. 8.

43.	Bank of America breached its statutory duty in every respect by, among other things:  furnishing inaccurate, incomplete, and adverse information to a credit reporting agency about plaintiff Thomas; failing to investigate or reinvestigate plaintiff Thomas's dispute; failing to maintain reasonable procedures to investigate or reinvestigate disputes; failing to conduct a reasonable investigation or to reinvestigate its original report for completeness and accuracy; failing to block reporting of disputed information reported to a credit reporting agency; failing to correct inaccurate, incomplete, and adverse information it furnished to a credit reporting agency; failing to correct plaintiff's credit report; and allowing false information to remain on plaintiff's credit report.

44.	Defendant Bank of America breached its statutory duties by not correcting clearly erroneous information it reported to a credit reporting agency, knowing that such information would be included on plaintiff Thomas's credit report, despite being provided with the details of the Anne Arundel County Police Department's investigation.  15 U.S.C. §§ 1681s, 1681n, 1681o.

45.	Defendant acted with a reckless and willful disregard of its statutory duty by not correcting clearly erroneous information it reported to a credit reporting agency, knowing

that such information would be included on plaintiff Thomas's credit report, despite being provided with the details of the Anne Arundel County Police Department's investigation. 15 U.S.C. §§ 1681s, 1681n, 1681o.

46. Defendant's breach of its duty proximately caused Plaintiff Thomas to suffer damages, including but not limited to SECU Credit Union's denial of plaintiff's request to open an account, plaintiff's inability to open an account at any banking institution, Jerry's Toyota's denial of plaintiff's request for a loan to finance an automobile, plaintiff's inability to obtain financing from any institution for an automobile, loss of employment, plaintiff's inability to secure gainful employment, and harm to plaintiff's reputation.

47. WHEREFORE plaintiff, Leon Thomas, demands judgment against defendant Bank of America, including an award of compensatory damages in an amount to be determined at trial but believed to exceed $250,000.00, an award of punitive damages in an amount to be determined at trial but believed to exceed One Million Dollars, plus his costs in this action, including a reasonable attorney's fee pursuant to 15 U.S.C. § 1681, *et. seq.*, and such further relief as justice requires.

## CLAIM TWO
(DEFENDANT EARLY WARNING SERVICES;
FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*.;
COMPENSATORY AND PUNITIVE DAMAGES)

48. Plaintiff, Leon Thomas, realleges the averments of the preceding paragraphs of this Complaint and incorporates them herein by reference.

49. Plaintiff Thomas meets the definition of a "consumer" under the FCRA. 15 U.S.C. § 1681a.

50. Defendant Early Warning Services meets the definition of a "credit reporting agency" under the FCRA. 15 U.S.C. §1681a.

51. Plaintiff notified Early Warning Services of the inaccurate, incorrect, and adverse information provided by Bank of America, informed defendant Early Warning Services that he had been the victim of identity theft, and specifically provided information from the Anne Arundel County Police Department's investigation establishing that plaintiff Thomas did not participate in or benefit from the fraudulent scheme at issue.

52. Defendant Early Warning Services owed a duty to plaintiff Thomas to notify Bank of America of plaintiff Thomas's notice of a dispute regarding his purported checking account with Bank of America, to maintain and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit report, to investigate or reinvestigate disputed claims, and to correct, block, or delete inaccurate, incomplete, or unverifiable information. 15 U.S.C. §§; 1681c; 1681i; 1681s.

53. Early Warning Services informed plaintiff Thomas that it conducted a reinvestigation and verified certain information provided by plaintiff Thomas, but failed to specify the information verified and failed to take appropriate corrective action. *See* Ex. 7.

54. Early Warning Services breached its statutory duties, by, among other things: failing to adequately investigate or reinvestigate plaintiff Thomas's claim that inaccurate, incomplete, and adverse information was furnished to it; failing to conduct a reasonable investigation or reinvestigation; failing to maintain and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit report; failing to correct inaccurate, incomplete, and adverse information it reported; failing to block disputed information; failing to correct the inaccurate, erroneous, and adverse information contained on plaintiff's credit report; failing to

correct plaintiff's credit report; and allowing false information to remain on plaintiff's credit report.

55. Defendant Early Warning Services breached its statutory duties by not correcting clearly erroneous information, knowing that such information would be included on plaintiff Thomas's credit report, despite being provided with the details of the Anne Arundel County Police Department's investigation that revealed that plaintiff Thomas did not participate in or benefit from the fraudulent check cashing scheme alleged herein. 15 U.S.C. §§ 1681c, 1681s, 1681n, 1681o.

56. Defendant acted with a reckless and willful disregard of its statutory duty by not correcting clearly erroneous information, knowing that such information would be included on plaintiff Thomas's credit report, despite being provided with the details of the Anne Arundel County Police Department's investigation that revealed that plaintiff Thomas did not participate in or benefit from the fraudulent check cashing scheme alleged herein. 15 U.S.C. §§ 1681s, 1681n, 1681o.

57. Defendant's breach of its duty proximately caused Plaintiff Thomas to suffer damages, including but not limited to SECU Credit Union's denial of plaintiff's request to open an account, plaintiff's inability to open an account at any banking institution, Jerry's Toyota's denial of plaintiff's request for a loan to finance an automobile, plaintiff's inability to obtain financing from any institution for an automobile, loss of employment, plaintiff's inability to secure gainful employment, and harm to his reputation.

58. WHEREFORE plaintiff, Leon Thomas, demands judgment against defendant Early Warning Systems, LLC, including an award of compensatory damages in an amount to be determined at trial but believed to exceed $250,000.00, an award of punitive

damages to be determined at trial but believed to exceed $1,000,000.00, plus his costs in this action, including a reasonable attorney's fee, pursuant to 15 U.S.C. § 1681, *et. seq.*, and such further relief as justice requires.

## JURY TRIAL DEMANDED.

Respectfully submitted,

LAW OFFICES OF
  WILLIAM ALDEN MCDANIEL, JR.


/s/ *William Alden McDaniel, Jr.*
William Alden McDaniel, Jr.
Bar No. 00571

*/s/ Adam Thomas Sampson*
Adam Thomas Sampson
Bar No. 26278

118 West Mulberry Street
Baltimore, Maryland 21201
Tel.:  410.685.3810
Fax:  410.685.0203
E-Mail:  wam@wamcd.com
E-Mail:  ats@wamcd.com

*Attorneys for Plaintiff Leon Jerome Thomas*


Date:  April 2, 2010

Complaint.doc