IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEON JEROME THOMAS, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. L-10-0825 |
| EARLY WARNING SERVICES, LCC, et al. | * | |
| Defendants. | * | |

**************

# MEMORANDUM

This case is arises under the Fair Credit Report Act ("FCRA"), 15 U.S.C. §§ 1681a-x (2006). In 2007, several individuals fraudulently opened an account at Bank of America in Leon Jerome Thomas's name. Although the Anne Arundel County Police Department thwarted the scheme and apprehended its perpetrators, Thomas alleges that Bank of America wrongfully attributed the fraudulent account to Thomas and reported that fact to Defendant Early Warning Services, LLC ("EWS"). Thomas further alleges that EWS disclosed this inaccurate information to banks and other financial institutions, causing them, inter alia, to close one of Thomas's personal accounts and deny his subsequent applications for credit.

Now pending is EWS's Motion to Dismiss (Docket No. 5) and Thomas's Motion for Leave to Amend his Complaint (Docket No. 9).[1] The Motions are fully briefed, and no hearing is necessary to decide this matter. See Local Rule 105.6 (D. Md. 2008). For the reasons stated herein, the Court will, by separate Order of even date, GRANT each motion IN PART and DENY each motion IN PART.

---

[1] Bank of America has not yet been served. According to Thomas, its resident agent would not accept service because "Bank of America" is not an actual entity. Accordingly, Thomas has moved to replace "Bank of America" with "Bank of America, N.A." The Court will GRANT the Motion and DIRECT the Clerk to REISSUE the summons.

**I.     Background**

The facts alleged by Thomas are fully set forth in the parties' briefs and need not be restated herein.

After EWS filed its Motion to Dismiss, Thomas moved to file an amended complaint. Thomas contends that his Proposed Amended Complaint remedies certain defects in his Original Complaint. Thomas's Proposed Amended Complaint attributes four violations of the FCRA to EWS. See Pr. Am. Compl. ¶ 57; P.'s Reply 2. EWS opposes Thomas's Motion to Amend on futility grounds.[2] Accordingly, the Court must determine whether Thomas's Proposed Amended Complaint is viable.

**II.    Discussion**

EWS contends that the Proposed Amended Complaint fails to state a claim for relief and, in the alternative, that two of Thomas's claims are time-barred. The Court will review Thomas's Proposed Amended Complaint on a claim-by-claim basis.

    **A.    Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a

---

[2] Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading is "freely given when justice so requires." This is a liberal rule that "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted). Leave to amend may be denied, however, "when the amendment would have been futile." Id.
    A proposed amendment to a pleading is futile when the amended pleading cannot withstand a motion to dismiss pursuant to Rule 12(b)(6). Riccuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991); cf. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 630 (4th Cir. 2008) (holding that district court did not err in denying leave to amend because "amendment would be futile in light of the fundamental deficiencies in plaintiff's theory of liability").

formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

    B.    **Analysis**

        1.    **Failure to Block Disputed Information**

Thomas alleges that EWS violated the FCRA by failing to block the reporting of information caused by the identity theft. See §1681c-2. Under the FCRA, the duty to block arises only after a consumer provides a credit reporting agency such as EWS with certain verifying information, including a copy of an identity theft report. Id.

    EWS contends that Thomas's claim is deficient because he failed to allege that he provide EWS with an identity theft report. EWS points out that Exhibit 5 to Thomas's Proposed Amended Complaint, which purports to contain all of the documents Thomas provided to EWS, does not include an identity theft report.[3]

Thomas does allege, however, that he "specifically provided [to EWS] information from the Anne Arundel County Police Department's investigation." Pr. Am. Compl. ¶ 56. Further, Exhibit 5 includes Thomas's statement to EWS that he "will be obtaining a [sic] identity theft report." Compl. Ex. 5 at 2. These allegations are sufficient to survive a motion to dismiss. If discovery reveals that Thomas never submitted an identity theft report to EWS, however, EWS may move for summary judgment on this claim.

    EWS also argues that this claim is barred by the FCRA's statute of limitations. Under the

---

[3] The Court may consider these documents without converting the instant Motion into one for summary judgment because Thomas attached them to his Original Complaint and has incorporated them into his Proposed Amendment Complaint. See Simons v. Montgomery County Police Officers, 762 F.2d 30 (4th Cir. 1985).

3

statute, claims must be brought before the earlier of (i) two years after the plaintiff discovers the alleged violation, or (ii) five years after the date on which the alleged violation occurs. § 1681p. Thomas filed his Complaint on April 2, 2010. It is undisputed, therefore, that Thomas can only bring suit for violations alleged to have occurred after April 2, 2008. See § 1681p(1). Thomas meets this burden by alleging that EWS breached its duty "[o]n various occasions since April 2007, <u>including during the years 2009 and 2010</u>." Pr. Am. Compl. ¶ 38 (emphasis added).

Nevertheless, EWS argues that the claim is untimely because EWS's duty to block arose on February 27, 2008. This argument misses the mark. EWS points to no authority holding that a failure-to-block violation occurs only on the date that the duty arose. Further, adopting EWS's position would have the absurd result of holding a consumer reporting agency liable only for its initial failure-to-block and not for any subsequent violations. Cf. Briley v. Burns Int'l, 78 Fed. Appx. 481, 485 (6th Cir. 2003) ("Liability arises under § 1681i 'when the consumer reporting agency' allegedly violate[s] its duty under the FCRA to reinvestigate." (citations omitted)).

For these reasons, the Court will grant Thomas's Motion to Amend and deny EWS's Motion to Dismiss with respect to the 1681c-2 claim.

### 2. Failure to Follow Procedures to Assure Accuracy

Thomas's second claim is for EWS's alleged failure to follow reasonable procedures to assure accuracy when reporting Thomas's credit information. See § 1681e(b). This claim must be dismissed because Thomas merely asserts that EWS prepared an inaccurate credit report based on information provided to EWS by Bank of America. See Pr. Am. Compl. 21. The mere reliance on information provided by another financial institution, without more, is insufficient to create liability under section 1681e(b). See Allmond v. Bank of America, No. 3:07-cv-186-J-33JRK, 2008 WL 2445652, *2-3 (M.D. Fla. June 16, 2008) ("[F]ailure to follow reasonable

4

procedures is a material element necessary for recovery under § 1681e(b)."). Thomas has not alleged, for example, that EWS acted unreasonably in relying on the information provided by Bank of America or that it failed to otherwise verify the information.

### 3. Failure to Reinvestigate/Failure to Reinvestigate Reasonably

Thomas's failure to reinvestigate claims are time-barred. EWS notified Thomas of its reinvestigation efforts by letter on March 5, 2008. Compl. ¶ 29. This letter, which summarized the findings of EWS's reinvestigation, informed Thomas that the dispute would not be resolved in his favor. Accordingly, by March 2008, Thomas was on notice of any putative violations stemming from EWS's reinvestigation. Because Thomas filed his Complaint on April 2, 2010, more than two years after he received EWS's notice, this claim is time-barred.

### 4. Punitive Damages

Finally, the Court declines to dismiss Thomas's claim for punitive damages. To seek punitive damages under the FCRA, a plaintiff must allege that the defendant acted in conscious disregard of the consumer's rights or that the defendant's noncompliance with the statute was deliberate and purposeful. § 1681n; see Robinson v. Equifax Info Svs., LLC, 560 F.3d 235, 241 n.3 (4th Cir. 2009). The Fourth Circuit has interpreted this to require that the alleged FCRA violation was performed "knowingly and intentionally." Dalton v. Capital Assoc. Indus., Inc., 257 F.3d 409, 418 (4th Cir. 2001).

Admittedly, Thomas's claim for punitive damages appears to be a thin one. The sole allegation that would support a finding of willful conduct is that EWS knew the resolution of the Anne Arundel County Police Department's investigation but nevertheless refused to block the inaccurate information in Thomas's file. There is little harm, however, in permitting Thomas's punitive damages claim to go to discovery. If Thomas is unable to uncover any instances of

5

willful conduct, EWS is free to renew its motion at the summary judgment stage.

### III.    Conclusion

For the foregoing reasons, the Court will, by separate Order of even date, GRANT Thomas's Motion for Leave to Amend (Docket No. 9) IN PART; GRANT EWS's Motion to Dismiss (Docket No. 5) IN PART, and ENTER a Scheduling Order.


Dated this   7th   day of October, 2010.              /s/
                                                        Benson Everett Legg
                                                        United States District Judge