IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEON JEROME THOMAS,        *

                                *

        Plaintiff,         *

                                *

        v.                  *        Civil No. L-10-0825

                                *

EARLY WARNING SERVICES, LCC, et al.  *

                                *

                                *

        Defendants.     *

                         **************

## MEMORANDUM

This case arises under the Fair Credit Report Act ("FCRA"), 15 U.S.C. §§ 1681a-x. In 2007, several individuals stole Leon Jerome Thomas's identity and fraudulently opened an account in his name at Bank of America, N.A. ("Bank of America" or the "Bank"). Thomas alleges that the Bank reported inaccurate information concerning the account to a credit reporting agency, Defendant Early Warning Services, LLC ("EWS"). Thomas further alleges that EWS disclosed this inaccurate information to banks and other financial institutions, causing them, <u>inter alia</u>, to close Thomas's accounts and deny his applications for credit.

Now pending is a Motion to Dismiss filed by Bank of America. Docket No. 26. The Motion is fully briefed, and no hearing is deemed necessary. <u>See</u> Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the Court will, by separate Order of even date, GRANT the Motion.

## I.    Background

The facts alleged in Thomas's Amended Complaint are fully set forth both in the parties' briefs and need not be restated herein. The essential facts are as follows.

Thomas alleges that he never held an account with Bank of America and that the perpetrators of the identity theft scheme fraudulently opened an account in his name. Thomas alleges that Bank of America wrongfully informed EWS, a credit reporting agency ("CRA"), that Thomas was responsible for closing the account with an overdraft balance.

On February 21, 2008, Thomas contacted EWS to dispute this information. On March 5, 2008, EWS contacted Thomas and explained that the information in his report had been "reported to [EWS] by another financial institution(s) . . . and that the information reported to [EWS] resulted in a financial loss to, or other potential loss with respect to, the reporting financial institution(s)."

On March 5, 2008, Bank of America informed Thomas that it had received his dispute letter from EWS. The Bank explained that it "ha[d] performed a detailed review of the accounts and found that the reason for closure is accurate. Therefore, the decision to end the account relationships and the reporting to . . . [EWS] is accurate and will remain in effect."

Thomas alleges that Bank of America is liable for seven separate violations of the FCRA, as follows: (1) furnishing inaccurate information to a credit reporting agency; (2) failing to investigate or reinvestigate a dispute,; (3) failing to maintain reasonable procedures to investigate or reinvestigate disputes; (4) failing to block reporting of disputed information; (5) failing to correct inaccurate information furnished to a CRA; (6) failing to correct a credit report; and (7) allowing false information to remain on a credit report. His claims are brought pursuant to sections 1681n and 1681o of the FCRA, which provide civil remedies for willful or negligent noncompliance with the statute.

## II.     Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965.  The court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.    Discussion

Bank of America contends that Thomas's claims must be dismissed under the applicable statute of limitations.  Before addressing these arguments, a brief discussion of the Bank's obligations under the FCRA is in order.

### A.     Bank of America's Obligations Under the FCRA

Thomas contends that Bank of America failed to meet its obligations under subsection 1681s-2(b) of the FCRA.[1]  Subsection (b) imposes a duty on furnishers of credit information to investigate disputed information and report the investigation's results to any credit reporting agencies ("CRAs") to whom they have furnished information.  § 1681s-2(b)(1)(A)-(D). The statute also imposes upon furnishers a duty to modify, delete, or permanently block reporting of information that is found "to be inaccurate or incomplete or [unverifiable]."  § 1681s-2(b)(1)(E). Furnishers must comply with this subsection within thirty days.  § 1681s-2(b)(2).

---

[1] As he acknowledges, Thomas cannot bring any freestanding claims for violations of subsection (a) because no private cause of action exists for a failure to comply with this provision.  See § 1681s-2(c)(1).

A subsection (b) violation "is triggered only upon a consumer reporting agency providing notice to the furnisher of information."  Sweitzer v. American Express Centurion Bank, 554 F. Supp. 2d 788, 795 (S.D. Ohio 2008) (citing §§ 1681i(2)(A); 1681s-2(b)(1)).  A furnisher can violate this subsection by either failing to properly investigate disputed information or failing to undertake any investigation whatsoever.  See, e.g., Blackwell v. Capital One Bank, No. 606CV066, 2208 WL 793476 (S.D. Ga. Mar. 25, 2008) (furnisher of credit information investigated allegedly inaccurate information but refused to amend reported information); Acton v. Bank One Corp., 293 F. Supp. 2d 1092, 1098 (D. Ariz. 2003) (furnisher failed to investigate disputed information within thirty-day period).

### B.    Statute of Limitations

Bank of America contends that Thomas's claims are barred by the FCRA's two-year statute of limitations.  The Bank argues that a violation of subsection (b) accrues at the earlier of (1) a response from the furnisher to a CRA; or (2) thirty days after the CRA's receipt of notice of a dispute.[2]  Thus, the Bank contends that Thomas's claim is untimely because it responded to EWS's notice of dispute no later than March 5, 2008.

Thomas argues that the cause of action accrued on April 4, 2008, which is thirty days after Bank of America issued the results of its investigation.  This argument misses the mark.  As a threshold matter, in responding to EWS's Motion to Dismiss, Thomas acknowledged that he could only bring suit for violations alleged to have occurred after April 2, 2008.  Thus, the Court dismissed any claims against EWS for violations alleged to have occurred prior to that date.

---

[2] Thomas is correct that subsection (a) informs the scope of the duty to investigate set forth in subsection (b).  As the Fourth Circuit has explained, subsection (b) "requires furnishers to review their prior report for accuracy and completeness" in light of the requirements set forth in subsection (a).  Saunders v. Branch Banking and Trust Co. of VA, 526 F.3d 142, 149 (4th Cir. 2008).  Nevertheless, the scope of the duty to investigate does not alter the date on which a cause action for a violation of subsection (b) accrues.

Thomas cannot now argue that a different limitations period applies to his claims against Bank of America.

Acknowledging this defect, Thomas contends that his cause action against Bank of America accrued on April 4, 2008, which is thirty days after he received the dispute letter from the Bank. As mentioned above, the FCRA imposes a thirty-day period for investigating disputed information. This thirty-period has no effect on the date on which a cause of action for negligent investigation accrues, however. To the contrary, a plaintiff becomes aware of a defective investigation when he receives an adverse determination from either the furnisher or the CRA. Here, Thomas was on notice of Bank of America's alleged errors no later than March 5, 2008, when he received the Bank's letter. Accordingly, Bank of America's Motion to Dismiss must be granted.

**IV.     Conclusion**

For the reasons stated above, the Court will, by separate Order of even date, GRANT the Motion and DISMISS all claims against Bank of America.

This ruling does not completely dispose of the case, however. Pursuant to the Court's ruling on EWS's Motion to Dismiss, Thomas may pursue his failure-to-block claim against EWS. <u>See</u> Docket No. 16, 4. Accordingly, the Court will also ENTER a Scheduling Order.


Dated this <u>31st</u> of <u>    March    </u>, 2011.              _____/s/_____
                                                          Benson Everett Legg
                                                          United States District Judge