IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEON JEROME THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: L-10-0825 |
| v. | : | |
| | : | |
| EARLY WARNING SERVICES, LLC. | : | |
| | : | |
| Defendant | : | |

o0o
**MEMORANDUM**

In 2007, identity thieves opened a credit card account in Leon Jerome Thomas's name at Bank of America ("BOA"). On April 2, 2010, Thomas sued BOA under the Fair Credit Reporting Act ("FCRA") for providing inaccurate information concerning him to a credit reporting agency, Early Warning Services ("EWS"). Thomas also sued EWS for harming his credit by forwarding the inaccurate information to financial institutions.

The Court has issued two earlier opinions in this case. On October 7, 2010, the Court ruled that Thomas's claims against EWS accruing before April 2, 2008, were barred by the FCRA's statute of limitations. Thomas's claims against BOA and his claims against EWS that were not time-barred proceeded to discovery. On March 31, 2011, after a second round of briefing, the Court dismissed all claims against BOA on the ground that they were time-barred.

Now pending is EWS's motion for summary judgment. Because the motion has been fully briefed, a hearing is unnecessary. As discussed herein, Thomas's suit fails because he did not file an "identity theft report" with a police department as is required by the statute as a

1

condition precedent for filing suit.  Accordingly, the Court will, by a separate order of even date, GRANT the motion for summary judgment and DISMISS the case.

**I. Background**

The facts alleged in the Amended Complaint are fully set forth in the parties' briefs and need not be restated herein.  The essential facts are as follows.

In December 2007, Thomas was notified by Anne Arundel County, Maryland, police that he was a potential victim of an identity theft perpetrated through a fraudulent BOA account.  BOA, in the meantime, reported negative credit information about Thomas to EWS, even though, Thomas alleges, he never held an account with the Bank.  In February 2008, because of the incorrect information on file with EWS, Thomas's account with Wachovia was closed and his attempt to open an account with SunTrust was denied.  He then contacted EWS to dispute the information in his file.

On February 19, 2008, EWS sent Thomas a Consumer Questionnaire and Release Form, which he completed and returned the same day.  EWS replied with a summary of his FCRA rights and a letter explaining that the disputed information had been "reported to [EWS] by another financial institution(s) . . . and that the information reported to [EWS] resulted in a financial loss to, or other potential loss with respect to, the reporting financial institution(s)."  Docket No. 55, Ex. 12.  On February 20, 2008, Thomas wrote to EWS that he was obtaining a police report about the fraud.  The next day, he filed an Identity Theft Complaint and Affidavit

with the Federal Trade Commission ("FTC").  Thomas filed his Complaint in this Court on April 2, 2010.[1]

## II. Standard of Review

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 323–25 (1986).  The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence."  Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other competent evidence to show that a genuine issue of material fact exists.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson, 477 U.S. at 248.  Although the court should assume as true the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

## III. Analysis

### A.  The Duty to Block

---

[1] Thomas retained counsel after he received letters from BOA and EWS in March 2008 informing him that the negative information in their respective files would not be removed.  Thomas blames his former attorney, who withdrew his representation on May 31, 2011, for the delay in filing his initial complaint.

Title 15 U.S.C. § 1681c-2 provides that a reporting agency must block the reporting of any incorrect information in a consumer's file upon receiving: "(1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of the information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer."

Thomas's suit against EWS turns on whether he submitted an "identity theft report" to the agency. The FCRA defines that term precisely. To qualify, the report must be a document meeting the following conditions: "(A) that alleges an identity theft; (B) that is a copy of an official, valid report filed by a consumer with an appropriate … law enforcement agency …; and (C) the filing of which subjects the person filing the report to criminal penalties relating to the filing of false information if, in fact, the information in the report is false." 15 U.S.C. § 1681a. These requirements are specific and mandatory.

Thomas concedes that he never filed a report with the police. He relies on a report that the Anne Arundel County, Maryland, police department wrote. Thomas contends that he obtained a copy of that report and forwarded it to EWS. The obstacle Thomas faces is that this report cannot qualify as an "identity theft report" under § 1681a because it was not "filed by a consumer."[2]

The identity theft report must be "an official, valid report filed by a consumer with an appropriate … law enforcement agency." A "consumer" is defined as "an individual." 15 U.S.C. § 1681a. The Police Department is not "an individual" and thus cannot be a "consumer" as defined by the statute. Because the police report was not "filed by a consumer," it is not an

---

[2] Because the police report was not "filed by a consumer," the Court will not decide whether the report "alleges an identity theft" or potentially subjected Thomas to "criminal penalties relating to the filing of false information if, in fact, the information in the report is false."

"identity theft report" under 15 U.S.C. § 1681a.[3] Therefore, even if Thomas did transmit the police report to EWS, it was not an "identity theft report" for the purposes of 15 U.S.C. § 1681c-2. Without receipt of an "identity theft report," EWS did not have a duty to block the reporting of the incorrect information.

### B. Duty of Reinvestigation

Thomas persists in his argument that EWS failed to properly investigate the accuracy of information in his file after his February 19, 2008, letter disputing the information. In its October 7, 2010, Memorandum, the Court held that this claim is time-barred under the FCRA's two-year statute of limitations. Thomas introduces no new evidence that causes the Court to question its previous holding. The claim remains dismissed.

### IV. Conclusion

For the foregoing reasons, the Court will, by separate order of even date, GRANT the Defendant's Motion for Summary Judgment.

Dated this 5th day of January, 2012.

                                                 /s/
                                            Benson Everett Legg
                                            United States District Judge

---

[3] Thomas filed an Identity Theft Complaint with the FTC. The FTC's website lays out steps that a victim of identity theft can take to require credit reporting agencies to block identity theft-related information:
> One way to get a credit reporting agency to quickly block identity theft-related information from appearing on your credit report is to submit a detailed law enforcement report ("Identity Theft Report"). You can obtain an Identity Theft Report by taking this form to your local law enforcement office, along with your supporting documentation. Ask an officer to witness your signature and complete the rest of the information in this session.

Identity Theft Victim's Comp. and Aff., Docket No. 55, Ex. 1. By signing the Identity Theft Report in the presence of a law enforcement officer, the victim expressly subjects himself to the penalties of perjury should the information prove false. Thomas did not take his Identity Theft Complaint Form to the police or otherwise follow these suggested procedures.